399 So.2d 1272 (1981)
Claude Albert MASON
v.
Helen Ringer, wife of Claude Albert MASON.
No. 11925.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1273 Bettyanne L. Bussoff, New Orleans, for Helen Ringer Mason, appellant.
Sydney J. Parlongue, New Orleans, for Claude Albert Mason, appellee.
Before BOUTALL, SCHOTT and BARRY, JJ.
BOUTALL, Judge.
On May 19, 1964 the plaintiff, Claude Mason, was married to the defendant Helen Ringer Mason. These parties established a matrimonial domicile in Jefferson Parish. Of this relationship two children were born. Marital relations between the two parties broke down on October 8, 1978 resulting in a physical separation from bed and board, *1274 with the plaintiff moving to Orleans Parish. Subsequently, the plaintiff filed suit against his wife in Jefferson Parish on October 13, 1978 for separation based on cruel treatment. Prior to a trial on the merits as to the separation, the plaintiff filed a suit for divorce in Orleans Parish on October 22, 1979, based on the ground that the spouses had been living separate and apart continuously for one year or more. R.S. 9:301. In response to this action the defendant filed exceptions of a lack of subject matter jurisdiction, improper venue and lis pendens. Upon trial in the divorce proceeding the district court overruled the exceptions brought by the defendant, granted a divorce in favor of the plaintiff, awarded custody of the two minor children to the defendant, established visitation privileges for the plaintiff, and awarded child support to the defendant. From this judgment the defendant has appealed.
On appeal there are three basic issues presented for our consideration: 1.) Can there be separate forums for a separation proceeding and a divorce matter or is it necessary that both proceedings be tried in the same court? 2.) Did the plaintiff establish a domicile in Orleans Parish thereby permitting him the right to bring an action for divorce in the district court for that parish? 3.) Can the 1 year period of separation required for divorce under LSA-R.S. 9:301 (as amended in 1979) be applied to circumstances wherein this 1 year period began running prior to the amendment and was completed after the amendment became effective as law?
Regarding the first issue before us, the defendant contends that venue in domestic cases must be the same for all of the proceedings related thereto and further that the parties should not be permitted to switch forums. Hence, the defendant argues that Orleans Parish was not the proper venue for the divorce proceedings where the original action for separation was brought in Jefferson Parish. Under this contention, the only place where the divorce proceeding could have been filed was in Jefferson Parish.
Under LSA-C.C.P. Art. 3941 the venue for an action for a separation or divorce is the parish where either party is domiciled or the parish of the last matrimonial domicile. Moreover, it is well established in the Louisiana jurisprudence that an action for separation and a suit for divorce may be brought in different parishes provided the requirements of LSA-C.C.P. Art. 3941 are observed. Smith v. Smith, 357 So.2d 93 (La.App. 4th Cir. 1978); Call v. Call, 274 So.2d 795 (La.App. 4th Cir. 1973). The cases that appellants cites to us are not relevant to the factual and procedural issues here.
Similarly appellant argues that the consideration of the ancillary matters of custody, visitation and child support in the Orleans divorce judgment are forbidden because of the Jefferson pendente lite judgment on these matters. First we conclude this is not a case where the spouse has switched forums to defeat the judgment of another court. The spouse had a right to bring his differently-based divorce suit in Orleans Parish. The Orleans court did not attempt to decide any pendente lite ancillary matters which may have conflicted with the Jefferson pendente lite judgment. Indeed we note that only on the divorce hearing did the judge take up the ancillary matters and then only to include the provisions of the Jefferson judgment in his divorce judgment as they apparently had been formulated through at least partial agreement of the parties.
Based on the foregoing we find that the district court in Orleans Parish acted properly in overruling the various exceptions raised by the defendant and in thereby exercising jurisdiction over the divorce proceedings.
In consideration of the second issue which concerns domicile we turn to the Louisiana Civil Code and the jurisprudence interpreting its provisions for guidance. LSA-C.C. Art. 38 provides that the domicile of a citizen is the parish of his principal establishment or habitual residence. To effect a change in domicile from one parish to *1275 another requires actual residence in another parish, together with the intention of making a principal establishment there and of abandoning the former domicile. LSA-C.C. Art. 41; Temple v. Jackson, 376 So.2d 972 (La.App. 1st Cir. 1979); In re Kennedy, 357 So.2d 905 (La.App.2d Cir. 1978). This intention is proved in one of two ways: 1.) by an express declaration of an intent to change domicile before the recorder of the parishes; or 2.) by proof showing a change in circumstances. LSA-C.C. Art. 42, 43; Brown v. Brown, 378 So.2d 164 (La.App. 1st Cir. 1979). The circumstances indicating establishment of a domicile include: "where a person sleeps, takes his meals, has established his household, and surrounds himself with his family and the comforts of domestic life." Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955); Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir. 1975). The law is well settled that the party who seeks to establish a change of domicile bears the burden of proving it. Temple v. Jackson, supra.
The evidence before us reveals that prior to October 8, 1978 the plaintiff and defendant had a matrimonial domicile in Jefferson Parish. On that date the plaintiff left this domicile and moved to an apartment at 1765 Coliseum Street in New Orleans. The plaintiff has resided in that residence since that time. Additionally, the plaintiff has been employed in Orleans Parish since August of 1977, receives his mail at his residence, and uses the banking services of a New Orleans bank. At trial, the plaintiff testified that he intends to reside in New Orleans permanently. In considering all of these circumstances we find that the plaintiff has carried his burden of proof in establishing a change of domicile to the parish of Orleans. Accordingly, the plaintiff did have standing within which to bring an action for divorce before the district court in New Orleans.
Regarding the final issue presented for our review, LSA-R.S. 9:301 (as amended in 1979) provides that either spouse may sue for a judgment of divorce when the spouses have been living separate and apart continuously for a period of 1 year or more. Prior to the 1979 amendment this statute required that spouses live separate and apart for a period of 2 years or more before such an action could be brought. In the matter before us, the evidence reveals that the period of continuous separation upon which the action for divorce was predicated was 1 year and 2 weeks and further that this period began running prior to the 1979 amendment to LSA-R.S. 9:301 and was completed after the amendment became effective. The defendant contends that the statute prior to the amendment is applicable and therefore, the action filed by the plaintiff is premature as the 2 year period had not yet accrued as of the time the suit was filed. Hence, defendant argues that the 1 year period in the statute as amended is not applicable.
In Lott v. Haley, 370 So.2d 521 (La. 1979), the Supreme Court was faced with a similar question concerning a statute of prescription. The court cited several principles that are to be used in resolving an issue of this nature. They stated:
"[2, 3] La. Civil Code art. 8 provides that `[a] law can prescribe only for the future; it can have no retrospective operation,....." Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court's consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 *1276 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).
After considering the above rules of law we find that the 1 year period of LSA-R.S. 9:301 (as amended in 1979) is applicable to the circumstances before us. It is not the date of separation that is controlling but the date of fulfillment of the statutory time requirement that is controlling and gives rise to the right to sue for divorce. In this case the period of continuous separation accrued after the amendment was enacted and became effective. Thus application of the statute after the amendment is prospective and in no way can be considered retrospective or retroactive. Accordingly, we further find that the judgment of the trial court granting the divorce based on the 1 year period of continuous separation under LSA-R.S. 9:301 (as amended in 1979) was valid.
AFFIRMED.