467 So.2d 1369 (1985)
Janet Lynn CALIX, Wife of Raymond Jewel Souza, Jr.
v.
Raymond Jewel SOUZA, Jr.
No. 84-CA-506.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
Wiley J. Beevers, Bernard M. Plaia, Jr., Metairie, for plaintiff-appellant.
W. Donald Cashio, New Orleans, for defendant-appellee.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
This is an appeal by the wife, Janet Lynn Calix Souza, from a judgment dismissing her petition for separation from her husband, Raymond Jewel Souza, Jr., on an exception of lack of jurisdiction. For the reasons which follow, we reverse and remand.
On May 10, 1984, the wife filed a petition alleging that: (1) she was domiciled in the Parish of Jefferson, State of Louisiana *1370 where she had been a lifetime resident before the marriage, (2) her husband was a resident of the Commonwealth of Massachusetts, and (3) the parties were married in Massachusetts in September of 1977, maintained the latest matrimonial domicile in Massachusetts, and the acts of cruel treatment on which the separation was sought were alleged to have occurred in Massachusetts.
In response to the petition, the husband filed an exception to the jurisdiction. His memorandum in support of the exception contended that Massachusetts, and not Louisiana, was the proper forum to hear the cause. The wife filed an opposition to the exception contending the court had jurisdiction to hear the cause under the provisions of Civil Code Article 142.
The trial court maintained the exception of lack of jurisdiction. His stated reasoning for maintaining the exception was as follows: In order to give some significance to the purpose for which the statute (Civil Code Article 142) was enacted there must be some reasonable period of time and some showing the plaintiff never severed ties with this state. We do not agree.
The United States Supreme Court in Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945) said:
Under our system of law, judicial power to grant a divorcejurisdiction, strictly speakingis founded on domicil. Bell v. Bell, 181 U.S. 175, 21 S.Ct. 551, 45 L.Ed. 804; Andrews v. Andrews, 188 U.S. 14, 23 S.Ct. 237, 47 L.Ed. 366. The framers of the Constitution were familiar with this jurisdictional prerequisite, and since 1789 neither this Court nor any other court in the English-speaking world has questioned it. Domicil implies a nexus between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance. The domicil of one spouse within a State gives power to that State, we have held, to dissolve
Thus, jurisdiction of a state to grant a divorce rests on a determination of domicile. The domicile of one spouse in a state empowers that state to adjudicate the marital status of the spouse irrespective of where the marriage was contracted. Williams v. State of North Carolina, supra; Johnson v. Muelberger, 340 U.S. 474, 71 S.Ct. 474, 95 L.Ed. 456 (1951); Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).
Civil Code Article 142, which sets out the statutory basis of jurisdiction for Louisiana courts in adjudication on a divorce or separation where the marriage and cause arose outside the state provides:
Art. 142. Separation or divorce; cause occurring out of state
Art. 142. A separation from bed and board or a divorce may be obtained in this state for any cause allowed by the laws of this state even if the cause occurred elsewhere while either or both of the spouses were domiciled elsewhere, provided the person obtaining the separation from bed and board or the divorce was domiciled in this state prior to the time the cause of action accrued and is domiciled in this state at the time the action is filed.
Amended by Acts 1960, No. 30, § 1, eff. Jan. 1, 1961; Acts 1974, No. 164, § 1.
Under the article, a prerequisite to jurisdiction is the requirement that "the person obtaining the separation from bed and board or the divorce was domiciled in this state prior to the time the cause of action occurred and is domiciled in this state at the time the action is filed." Such a requirement is constitutionally permissible. Sosna v. Iowa, supra. The article does not require, however, that there be no severance of ties within the state between the two domiciliary periods.
The determination of domicile is a factual matter which must be determined on a case by case basis. Slocum v. Dewitt, 374 So.2d 755 (3rd Cir.1979); Mason v. Mason, 399 So.2d 1272 (4th Cir.1981). In his brief counsel for appellee contends the matter was submitted on memoranda by *1371 both parties. Counsel for appellant, however, contends there was never any stipulation of the facts entered by counsel for either party or a stipulation for the introduction of documents.
The plaintiff's petition merely says the wife was a lifelong resident of Louisiana. The defendant contends the petition was filed within three days of the time plaintiff returned to Louisiana. Neither the allegation of the petition nor the record reflects the relevant facts necessary to reach a determination as to whether the plaintiff was a previous domiciliary of Louisiana and whether she has re-established domicile since her return. If so, Louisiana would be a proper forum to adjudicate her marital status.
Accordingly, the trial court's ruling maintaining the exception of jurisdiction is set aside and the case remanded to the trial court for an evidentiary hearing on the jurisdictional issue. The trial court did not rule on the separately filed exception of jurisdiction as to the unadjudicated custody issues and nor do we. Jurisdiction over the custody is a separate and distinct issue from custody over the divorce or separation and is to be determined under the provisions of the Uniform Child Custody Act, R.S. 13:1700 et seq. Since that determination is also based on the facts, the trial court may wish to expand the evidentiary hearing to the taking of evidence on the custody issue.
Each party is to bear his own costs.
REVERSED AND REMANDED.