PRESTON H. HUFFT,
Judge Pro Tem.
Defendant appeals from a judgment overruling his exception to the jurisdiction of the Trial Court, urging error because, (1) Article 142 of the Civil Code is unconstitutional; and, (2) jurisdiction was improperly found. For the reasons which follow, we affirm.
On October 29, 1984, plaintiff-appellee filed a petition for separation alleging that: (1) she was domiciled in the Parish of Orleans, State of Louisiana, (2) defendant was domiciled in Waveland, Mississippi, (3) the parties were married in New Orleans, Louisiana in May of 1982, and were domiciled in Louisiana until January of 1984, at which time they moved to Mississippi, and (4) the acts of cruel treatment on which the sepa *524 ration is sought allegedly occurred both in Louisiana and Mississippi.
In response to the Petition for Separation, defendant-appellant filed an exception to the court’s jurisdiction over the subject matter as well as over the person of the defendant. At the December 3, 1984 hearing on the jurisdiction exception, the trial court instructed the defendant that he had the burden of proving a lack of jurisdiction. The defendant objected and was granted leave to file writs to this court. On December 13, 1984, defendant’s writ application was denied. Defendant also filed a writ application to the Louisiana Supreme Court on the jurisdictional contention, which was denied on February 8, 1985. At the December 19, 1984 hearing on the exception, the trial court maintained jurisdiction and defense counsel stood mute during the remainder of the proceeding so as to avoid a waiver of his exception. It is the court’s finding of jurisdiction which the defendant now appeals.
Jurisdiction of this matter is based on Civil Code Article 142 which provides:
A separation from bed and board or a divorce may be obtained in this state for any cause allowed by the laws of this state even if the cause occurred elsewhere while either or both of the spouses were domiciled elsewhere, provided the person obtaining the separation from bed and board or the divorce was domiciled in this state prior to the time the cause of action accrued and is domiciled in this state at the time the action is filed.
Defendant-appellant contends that C.C. Art. 142 is unconstitutional in that it applies Louisiana law to citizens of other states. Whether a state has jurisdiction to adjudicate marital status is determined by the domicile of the spouses. Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945). In Louisiana, the statutory basis for jurisdiction as set forth in C.C. Art. 142 requires that (1) the spouse seeking the separation or divorce was domiciled in Louisiana prior to the time the cause of action accrued, and (2) that the spouse was domiciled in Louisiana at the time the separation or divorce action was filed. This requirement is constitutionally permissible. Calix v. Souza, 467 So.2d 1369 (La.App. 5th Cir.1985); Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Article 142 does not require that both spouses be domiciled in Louisiana.
In Calix, supra, the Fifth Circuit Court of Appeal was presented with a situation very similar to the case at bar. In Calix, the trial court dismissed the wife’s petition for separation on an exception of lack of jurisdiction filed by her husband. The wife had been domiciled in Louisiana prior to the marriage and although the parties were married in Massachusetts and lived there during the marriage, the wife returned to Louisiana and filed her petition for separation in Louisiana. The appellate court overturned the trial court’s ruling and upheld the constitutionality of C.C.Art. 142, stating that if the wife was previously domiciled in Louisiana and had re-established domicile in Louisiana since her return, “Louisiana would be a proper forum to adjudicate her marital status.” Id. at 1371.
Defendant-appellant also assigns as error the court’s finding of jurisdiction, claiming that plaintiff-appellee was not domiciled in Louisiana as required by C.C. Art. 142, and further claiming that plaintiff-appellee failed to prove sufficient grounds for separation. With respect to the issue of domicile, the court in Calix, supra, stated that “the determination of domicile is a factual matter which must be determined on a case by case basis.” Id. at 1370, citing Slocum v. Dewitt, 374 So.2d 755 (La.App. 3rd Cir.1979); Mason v. Mason, 399 So.2d 1272 (La.App. 4th Cir.1981). In the instant case, plaintiff-appellee was domiciled in Louisiana prior to the parties’ marriage. On October 18, 1984, she left her matrimonial domicile in Mississippi and returned to Louisiana with her two minor children to reside with her parents. Plaintiff-appellee testified that she intended to reside with her children in New Orleans and that she had no other place to live and no one other than her parents to assist her *525 and her children. We find no evidence of error in the trial court’s determination that plaintiff-appellee had fulfilled the domiciliary requirements of C.C. Art. 142.
Defendant-appellant’s contention that plaintiff-appellee failed to prove sufficient grounds for a separation is not relevant to the jurisdiction issue. Plaintiff-appellee has plead a cause for separation; she is not required to prove that cause until the merits are addressed by the court.
Accordingly, the trial court’s ruling, that defendant-appellant’s exception to the jurisdiction is without merit, is affirmed.
AFFIRMED.