CRAIN, Judge.
This is an appeal of a judgment granting a separation from bed and board in favor of the wife and finding her free from fault.
FACTS
Rosalie Wood Kohnke and Norbert W. Kohnke were married in Mississippi on July 4, 1980. On December 20, 1987, the plaintiff left the marital home and moved to Mandeville, Louisiana. She then filed suit in Louisiana for a separation from bed and board. The court appointed Eric Bissel as curator ad hoc to receive process for Norbert Kohnke, since he was a non-resident. Douglas Ellis, an attorney, informed Eric Bissel that he had been in contact with Mr. Kohnke and had been retained to represent Mr. Kohnke. Douglas Ellis was entered as counsel of record for Norbert Kohnke on July 21, 1988. Trial on this matter was set for August 10, 1988. On the day of the trial Douglas Ellis informed the court that Norbert Kohnke contacted him that day, discharged him and retained another attorney, Jacqueline Carr. The trial court allowed Douglas Ellis to withdraw as attorney of record and proceeded with the trial for separation from bed and board. The trial court rendered a judgment of separation from bed and board in favor of Rosalie Wood Kohnke and found her free from fault.
The issues for review are whether the trial court had jurisdiction of status to grant a judgment of separation from bed and board when Norbert Kohnke was not domiciled in Louisiana, was not personally served and did not personally appear; whether the judgment of separation from bed and board was valid when neither the curator ad hoc appointed to represent Norbert Kohnke, Eric Bissel, nor Norbert Kohnke’s retained attorney, Doug Ellis, were present during the proceedings; whether the trial court was correct in finding that Rosalie Kohnke was free from fault; the validity of the preliminary in *1000 junction incorporated in the judgment of separation from bed and board; and whether costs of the separation proceeding may be assessed against the nonresident.
ANALYSIS
JURISDICTION OF STATUS
La.C.C.P. art. 10 states in part:
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.
La. Civil Code art. 142 states:
A separation from bed and board or a divorce may be obtained in this state for any cause allowed by the laws of this state even if the cause occurred elsewhere while either or both of the spouses were domiciled elsewhere, provided the person obtaining the separation from bed and board or divorce was domiciled in this state prior to the time the cause of action accrued and is domiciled in this state at the time the action is filed.
A judgment of separation from bed and board or a divorce may be granted in favor of a party domiciled in Louisiana against a non-resident. See Belsom v. Belsom, 485 So.2d 523 (La.App. 4th Cir.) writ denied, 489 So.2d 920 (La.1986); Caliz v. Souza; 467 So.2d 1369 (La.App. 5th Cir.1985).
Rosalie Kohnke was domiciled in Louisiana prior to the marriage and was domiciled in Louisiana at the time the suit was filed. This assignment lacks merit.
CURATOR NOT PRESENT
The appellant next argues that the separation from bed and board judgment is invalid because the curator ad hoc appointed to represent Norbert Kohnke, Eric Bis-sel, was not present the day of the trial.
On May 16, 1988, Eric Bissel was appointed curator ad hoc, pursuant to La.C. C.P. 5091, to represent the absent defendant, Norbert Kohnke. On May 26, 1988, Eric Bissel filed a general denial. Norbert Kohnke retained Douglas Ellis to represent him and on July 21, 1988, Douglas Ellis was entered as attorney of record for Norbert Kohnke. On the date of the trial, August 10, 1988, Norbert Kohnke discharged Ellis as his attorney and retained Jacqueline Carr to represent him. Mr. Ellis informed the trial court that he had been discharged and requested a continuance for the proceedings. This request was denied by the trial court. Douglas Ellis was then removed as attorney of record for Norbert Kohnke.
La.C.C.P. art. 5098 states in part:
The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
The reason that Norbert Kohnke was unrepresented at trial was because he discharged his attorney the day of the trial just prior to the beginning of the trial. It would not be reasonable to allow a party to discharge his attorney in this manner and then argue that he was unrepresented. This assignment lacks merit.
FAULT
The appellant argues that the trial court's finding that Rosalie Kohnke was “free from fault” is null because the judgment of separation from bed and board is null due to lack of jurisdiction over status. Having previously determined that the trial court did have the jurisdiction over status, this argument lacks merit.
PRELIMINARY INJUNCTION
The appellant argues that the trial court erred in incorporating the preliminary injunction with the judgment of sepa *1001 ration from bed and board because Norbert Kohnke was not personally served with the motion for preliminary injunction. The appellant argues that failure to do so is an improper use of summary procedure.
La.C.C.P. arts. 3601 and 3602 contemplate the use of summary process for the issuance of a preliminary injunction. Norton v. Lay, 360 So.2d 239, 241 (La.App. 1st Cir.1978). However, this appellant was not served with the petition for injunction, nor does the record indicate service of the injunction proceedings on the curator ad hoc, Eric Bissel. Both appellant and appel-lee allege service on the attorney of record, Douglas Ellis. Subsequent to proper service of the original petition on the adverse party, thereby acquiring jurisdiction over the person, pleadings may be served on counsel of record for the adverse party. La.C.C.P. arts. 1312, 1313 and 1314. These articles are designed to further the jurisdiction of the court after it has been obtained by making it easier to serve additional pleadings. They are not intended as a means of obtaining jurisdiction. Here there was never personal jurisdiction over the defendant. There was jurisdiction over status properly obtained by service of the petition through a curator ad hoc. However, the injunction was not part of the original petition. At the time it was served, the curator had been discharged but the attorney of record had filed no pleadings which might constitute a general appearance. Pretermitting the question of whether the injunction could have been originally served on the curator, there was no jurisdiction over the person to make service of the subsequent petition for injunction valid through counsel of record. See C.J. Imperial v. Hardy, 302 So.2d 5 (La.1974). The trial court erred in granting the motion for a preliminary injunction.
COSTS OF TRIAL PROCEEDINGS
The appellant argues that the trial court erred in assessing the costs of the trial proceedings against the appellant because of the lack of jurisdiction of the person.
A money judgment must be supported by jurisdiction over the party cast. Imperial v. Hardy, 302 So.2d at 7.
The costs assessed against the appellant were the court costs. We find no authority that assessment of costs is anything other than a money judgment. Having found that the record does not establish jurisdiction of the person of the appellant, the assessment of costs against the appellant was error. We therefore reverse the portion of the trial judgment assessing costs against the appellant.
The judgment of the trial court is affirmed as to the judgment of separation from bed and board and the finding that the appellee was free from fault. We reverse the granting of a preliminary injunction and the assessment of court costs against the appellant. The costs of this proceeding are assessed against the appel-lee.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.