OAKEY vs. EASTIN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

So long as a person retains an office which he holds during good behaviour, the law implies the continuance of his domicile in the place where he is to exercise his functions.

MARTIN, J., delivered the opinion of the court.

The defendant complains of a judgement overruling his plea to the jurisdiction of the court, grounded on the *Code of Practice*, 162, he being a resident of another parish than that in which he was sued, and the case not being within any of the exceptions in the Code.

The record shows the defendant has long been and still is clerk of the court of the parish of St. Martin, and came to reside there about the year 1820. In December, 1829, he connected himself with one Stewart, and came to New-Orleans to attend to the mercantile operations of the firm, and staid there till the month of April, when he went to St. Martin, to attend to his duties during the spring term. In May following, he returned to the city, when the present suit was instituted. During the summer, the partnership was dissolved. During the fall term of 1830, he attended his duties in court personally, though he had a deputy, who acted in his absence. A witness deposed he did business during two seasons in the city. He declared that he did not intend to resign; and at another time, that he did not intend to to resign till he found out how mercantile business succeeded. He paid taxes and voted in St. Martin.

On these facts it appears to us that the residence of the defendant in New-Orleans, during the months of December, 1829, January, February, March, and part of April, 1830, did not produce a transfer of his domicile to New-Orleans, because, in the language of the Civil Code, it was not combined with an intention of making his principal establishment there. *Art.* 43. As long as he retained an office which he

EASTERN DIS.
*May*, 1832.

So long as a person retains an office which he holds during good behaviour, the law implies the continuance of his domicile in the place where he is to exercise his functions.

held during his good behaviour, the law implied the continuance of his domicile in the place in which he was to exercise his functions. *Id.* 47. The dissolution of the partnership a few months after his return and his retaining his office ever since, corroborate his declaration that he meant not to resign nor change his residence till he was satisfied that his mercantile plans would succeed. The defendant could not have resisted the action if it had been brought in the parish of St. Martin.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, the plea to the jurisdiction sustained, and the petition dismissed, the plaintiff paying costs in both courts.

*Pierce*, for appellees.　*Conrad*, for appellant.