374 So.2d 755 (1979)
J. W. SLOCUM, Jr., Plaintiff-Appellant,
v.
Charles W. DeWITT, Jr., Defendant-Appellee.
No. 7431.
Court of Appeal of Louisiana, Third Circuit.
August 29, 1979.
Writ Refused September 5, 1979.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for plaintiff-appellant.
Gravel, Roy & Burnes, James J. Brady, Alexandria, for defendant-appellee.
Before FORET, SWIFT and DOUCET, JJ.
FORET, Judge.
This is an election contest. The plaintiff, J. W. Slocum, Jr., who alleges that he is a qualified elector of the 29th Legislative District, perfected this appeal from an adverse judgment of the trial court which dismissed his suit challenging the eligibility of the defendant, Charles W. DeWitt, Jr., as a candidate for state representative from the 29th Legislative District.
*756 We affirm.
The plaintiff brought this suit under LSA-R.S. 18:396 objecting to the candidacy of the defendant on the grounds that the defendant was not qualified to be a candidate because he had not been actually domiciled in the 29th Legislative District for a full year preceding the time for qualification as required by LSA-Const. Art. 3 § 4(A) (1974), which provides:
"An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the proceeding (sic) year in the legislative district from which he seeks election is eligible for membership in the legislature."
The defendant filed qualifying papers giving his domicile as Route 21, Anandale Lane, but the plaintiff contends that the defendant's "actual domicile" is 211 Sweetbriar Drive, which is outside of the 29th Legislative District.
Following a trial on the merits, the trial court found that the defendant, Charles W. DeWitt, Jr., had been actually domiciled in the 29th Legislative District at Route 21, Anandale Lane, for a full year preceding qualifying as a candidate and rendered judgment in favor of the defendant, dismissing plaintiff's suit. From this judgment plaintiff has timely perfected an appeal under LSA-R.S. 18:396.
The defendant has answered the appeal asking that the judgment of the trial court be affirmed, and further praying that plaintiff's suit should be dismissed for the additional reason, urged in closing argument at trial, but rejected by the trial court, that plaintiff failed to show or prove that he is a qualified elector of the 29th Legislative District as required by LSA-R.S. 18:491. The defendant has also filed, for the first time, in this court an exception of no right of action.
In Mix v. Blanchard, 318 So.2d 125 (La. App. 4th Cir., 1975), writ refused, our brethren of the Fourth Circuit had an opportunity to comment on the intent and purpose of the redactors in drafting the above quoted Constitutional article, and we quote, with approval, from this opinion, as follows:
"The quoted article of the Constitution upon which plaintiff bases his challenge uses the terminology `actually domiciled'. As we view it, in light of the quoted definition the word actually serves to emphasize the residency aspect of domicile. It is interesting to note the dialogue among the delegates to the Constitutional Convention in drafting this article. It is apparent the delegates intended to limit candidacy for political office to citizens who actually live in the district they aspire to represent. The newly drafted constitutional article was designed to eliminate a system under which candidates would establish a `political domicile' from which to seek office even though they chose to live and maintain their families in another area, and were not truly representative of the district from which they sought election."
See also Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, Vol. V, pp. 341-342 and Vol. IX, p. 2509.
Also pertinent to the issue here is LSA-C.C. Article 38 which defines domicile as follows:
"The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternatively in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected."
The trial court rendered written reasons for judgment and we hereby adopt as follows its well supported findings of facts.
"The evidence shows that Mr. DeWitt is 32 years of age, was elected to the Rapides Parish Police Jury in 1976 and served until January, 1978, during which time he *757 was unquestionably domiciled at 211 Sweetbriar Street, Alexandria, Louisiana, where his wife, Patricia Dale DeWitt, and two minor children lived with him (this address was outside of Representative District 29).
His occupation for the past fifteen years has been farming.
Approximately four years ago he leased the "Dr. Murrell property" (also known as Anandale Plantation), which consists of approximately 1300 acres, and lies within Representative District 29.
The lease is for a term of five years with an option for five additional years.
DeWitt farms the property, primarily growing soybeans.
Along with other farm type structures, there is located on this property a brick structure used for many years by the late Dr. Walter Murrell primarily as a place for entertainment, and is often referred to as the `party house'.
In this house there is a telephone (listed in DeWitt's name) a room with a bed; there is also a couch, chairs, refrigerator, fixtures and appliances, amply sufficient `for a bachelor' in the words of one witness who was familiar with the place.
DeWitt testified that in June of 1978, he and his wife begin having separate residences, and that she continued to live at 211 Sweetbriar and he commenced living at Anandale, primarily for the avowed purpose of establishing a domicile so that he could run for representative in District 29; that since then, he has slept an average of four to six nights per week at Anandale, that 90 to 95 percent of his time is spent at Anandale, the rest of his time he spends with his wife and children at 211 Sweetbriar; that he considers Anandale his domicile, that his economic life is there, that he has a contract to purchase three acres of land from Wasson Realty in Trail Ridge Subdivision, (which lies within Representative District 29), where he plans to build a permanent home and reside there indefinitely.
Mr. DeWitt testified (and this was supported by subsequent testimony of the Registrar of Voters of Rapides Parish) that in July of 1978, DeWitt changed his voting registration to Precinct 31, Ward 1, and voted in that precinct in the 1978 election (within District 29).
Mrs. Charles W. DeWitt, Jr. testified essentially to the same effect as her husband, indicating that she continued to live at 211 Sweetbriar because it was her separate property which she owned with no mortgage or other indebtedness upon it, and for further significant reason that her mother who lived a couple of blocks away was very ill, and she wanted to be with or near her mother as much as possible, since she was an only child and also that she was a registered nurse and could provide special care for her mother.
Other witnesses familiar with the DeWitt family and with his Anandale operation, generally supported the testimony of Charles DeWitt and his wife, with several witnesses indicating that they considered Anandale as being DeWitt's residence and domicile.
On the other hand, the evidence also shows that Mrs. DeWitt and the two minor children continued to reside at 211 Sweetbriar Street until June of 1979, when they moved out to Anandale to live in a furnished trailer house which DeWitt had purchased and placed on the property there.
That the home at 211 Sweetbriar is owned by Mrs. DeWitt, having been inherited by her from her late father's estate.
That she has claimed (sic) exemption on this place until the present time.
That she still owns the place at 211 Sweetbriar which is still furnished, and that she has no immediate plans to sell the place.
That Charles DeWitt has received the most of his important mail at 211 Sweetbriar for the last several years.[1] *758 That his driver's license has indicated 211 Sweetbriar as his residence.
That chattel mortgages and other legal documents executed by him within the last year or so indicate 211 Sweetbriar as his residence.
That some of the neighbors have often seen him at the 211 Sweetbriar residence, going in and out there, cutting the grass there, and generally considered 211 Sweetbriar as Mr. DeWitt's residence.
Evidence further indicated that Mr. and Mrs. DeWitt have no serious marital difficulties, and that the two minor DeWitt children have been attending Prompt Succor Parochial School, and intend to attend this school for the forthcoming year (Prompt Succor is located outside Representative District 29).
Evidence further showed that mechanical facilities for washing and drying clothes at Anandale; that testimony indicated Mr. DeWitt had his clothes washed and laundered primarily at 211 Sweetbriar by his wife, or at the home of his mother.
Mrs. Charles DeWitt testified that if it had been up to Charles and the kids, they would have moved to Anandale sometime ago; that she had been the only member of the DeWitt family who wanted to continue residing at 211 Sweetbriar."
It is well settled that a person may have more than one residence, but only one domicile. The determination of actual domicile is dependent on the facts in each particular case. The burden of proof is upon the contestant. Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir. 1975), writ refused.
We believe a fair evaluation of the evidence leads to a preponderance establishing that the defendant was actually domiciled at Route 21, Anandale Lane for a full year preceding his qualifying as a candidate. We are particularly impressed with the amount of time the defendant spent at Anandale. Clearly, Mr. DeWitt's economic life is centered there, but additionally, the record reflects that he spent the greater portion of his non-working time there, as the trial judge so found.
In Soileau v. Board of Supervisors of St. Martin Parish, 361 So.2d 319 (La.App. 3rd Cir. 1978), we held that a candidate for City Judge could establish a residence for political purposes. The same is true for domicile. The fact that the domicile is established for political purposes does not in and of itself prevent it from being bona fide if there exists a sufficient quantity and quality relationship with the place. What is at issue here is whether the defendant has actually established a new domicile, not his motives for establishing it.
In deciding this case, we are also guided by the well established legal principle that laws governing the conduct of elections should be liberally interpreted so as to promote rather than defeat candidacy. Rich v. Martin, 259 So.2d 113 (La.App. 1st Cir. 1975), writ of certiorari denied, Jory v. Arnette, 360 So.2d 921 (La.App.), writ denied.
As pointed out by the trial judge in his well considered reason for judgment, any doubt should be resolved in favor of permitting a candidate to run for public office. After all, he still has to face the voters who will, and should, exercise the final judgment on his candidacy.
Since we have decided the case on the merits, in the defendant's favor, we need not pass on the defendant's answer, or on his exception of no right of action.
For the above and foregoing reasons, the judgment of the trial court is upheld. All costs of this appeal are taxed against the plaintiff-appellant.
AFFIRMED.
NOTES
[1] The defendant testified that the reason he continued to list 211 Sweetbriar as his address and to receive his more important mail there was that he experienced some difficulty with vandals tearing down his route box.