PER CURIAM.
Plaintiff filed suit alleging that defendant, Leonard 0. London, who had qualified as a candidate in the election for police juror, District 2, Parish of East Feliciana, did not meet the qualifications for that office, because the defendant was not presently domiciled in the Parish of East Felici-ana and had not been domiciled in that parish for a full year preceding July 25, 1983, the date of defendant’s qualification.
The trial judge rendered judgment declaring that the defendant was ineligible to be a candidate for election as a member of the East Feliciana Parish Police Jury. Defendant appealed.
The only issue before this court is whether Mr. London was domiciled at a location within Police Jury District 2 in the year prior to his qualification to run for police juror of that district.
By LSA-R.S. 33:1225, the qualifications of a police juror are made the same as a legislator’s. By Art. 3, Section 4 of the Louisiana Constitution of 1974, a legislator must have “been actually domiciled for the preceding year in the legislative district from which he seeks election.... ”
LSA-C.C. Article 38 defines domicile as follows:
“The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.”
The term “actually domiciled” of the constitutional provision has been discussed in Mix v. Blanchard, 318 So.2d 125, 127 (La. App. 4th Cir.), writ denied, 320 So.2d 547 (La.1975):
“... in light of the quoted definition the word actually serves to emphasize the residency aspect of domicile. It is interesting to note the dialogue among the delegates to the Constitutional Convention in drafting this article. It is apparent the delegates intended to limit candidacy for political office to citizens who actually live in the district they aspire to represent. The newly drafted constitutional article was designed to eliminate a system under which candidates would establish a ‘political domicile’ from which to seek office even though they chose to live and maintain their families in another area, and were not truly representative of the district from which they sought election.”
The burden of proof is upon the contestant. Charbonnet v. Hayes, 318 So.2d *758 917 (La.App. 4th Cir.), writ denied, 320 So.3d 201 (La.1975).
Laws governing the conduct of elections should be liberally interpreted so as to promote rather than to defeat candidacy. Slocum v. Dewitt, 374 So.2d 755 (La.App. 3rd Cir.), writ denied, 375 So.2d 1182 (La. 1979).
There was much evidence both for and against plaintiff’s contention that defendant had not been a domiciliary of District Two of the Parish of East Feliciana for the year preceding his qualification. The trial court listed the following evidence:
(1) On June 2,1980, the defendant filed a petition for divorce alleging that he and Mrs. London had lived separate and apart since June of 1978;
(2) On December 29, 1980, Mr. London received a loan from a finance company in Baton Rouge wherein he gave his present mailing address as 1060 Swan Street, Baton Rouge, Louisiana, which address appeared on a chattel mortgage executed to secure the loan;
(3) A joint bank account in the names of Leonard London or Johnny London gives the defendant’s address as 1060 Swan Street;
(4) For the past three years his driver’s license and vehicle registrations have listed his home address as 1060 Swan Street;
(5) For the 1981-82 school year, Mrs. London applied for free or reduced school lunch prices for their children, which application did not list the defendant as living in the household;
(6) Mrs. London executed multiple applications for the 1982-83 school year for free or reduced price school lunches for her children which gave her name as the only adult living in her household;
(7) For several years the defendant’s address on Police Jury stationary has been 1060 Swan Street;
(8) Since 1978, gas, water and electric accounts at 1060 Swan Street in the name of Leonard London have been active;
(9) Utility accounts in the name of Leonard London at the Jackson, Louisiana, address remain active;
(10) A Gulf States Utilities Company account in the name of the defendant at 1040 Swan Street, Side B, was opened on September 26, 1980, and disconnected on November 2, 1982;
(11) The defendant has not established any domicile in Police Jury District Two, East Feliciana Parish, except at the Jackson, Louisiana, address;
(12) The defendant owns and operates a business located at 1060 Swan Street, where he spends a substantial amount of his time.
The court also noted after a visit to the defendant’s Jackson, Louisiana address, the only personal effects of Mr. London’s found at the premises were a couple of coats.
In written reasons, the trial judge made this statement in regard to Mr. London’s credibility:
“... the court refuses to accept as true Mr. London’s testimony except for his statements to the effect that since June of 1978 he had visited Route 1, Box 616, Jackson, Louisiana occasionally.”
Putting aside Mr. London’s testimony, we find that a clear preponderance of the evidence supports the trial court’s conclusion and we find no error. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the foregoing reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.