GRISBAUM, Judge.
This is a suspensive appeal brought by Guido Salas (Salas) from a judgment granting a directed verdict upholding the validity of candidacy of the defendant, Steve J. Mortillaro (Mortillaro), for the office of the Fifth Justice of the Peace, Parish of Jefferson and dismissing the petition of the plaintiff. We affirm.
The issue is whether Mortillaro was a “resident” of Ward 10, Precinct 24, (4709 Lake Louise Avenue) as defined by L.S:AR.S. 18:101(B) at the time he filed his notice of candidacy on July 25,1983[1], and is thus a “qualified elector” as required in L.S.A.R.S. 13:2581.1.
STATEMENT OF FACTS
On July 25, 1983 in qualifying with the Secretary of the Board of Election Supervisors, Mortillaro listed 4709 Lake Louise Avenue as his address. His wife alleged in a petition for separation from bed and board filed December 4, 1982 that he no longer lived with her in their home on Lake Louise Avenue, but Mrs. Mortillaro did not attempt to confirm a judgment of separation in the seven months preceding the qualifying date. During the separation, Mortillaro rented an apartment at 2301 Severn, but he spent time at the Lake Louise home and did not at any time file a notice of change of residence with the Registrar of Voters.
The trial court in its reasons for judgment found that the defendant’s apartment was temporary in nature in that Mortillaro did not make any utility deposits; he rented on a month-to-month basis; he gave the phone number at Lake Louise as his contact; and he purchased no furniture. In addition, the trial court concluded from the testimony of Mortillaro and his wife that their arrangement of separation was temporary, noting that Mrs. Mortillaro took no further action in obtaining a judgment of separation and that the Mortillaros owned the Lake Louise home together, there having never been a community property settlement of any kind between them. The court noted that Mortillaro listed 4709 Lake Louise as his address in many of his transactions, business and otherwise, and that his creditors considered Lake Louise to be his address. Moreover, the court found it was Mortillaro’s intention to maintain the Lake Louise Avenue home as his primary residence.
This court recognizes a candidate may have multiple residences under the Louisiana Election Code. See, L.S.A.-R.S. 18:101(B). The code defines a “resident” for purposes of voter registration as “a citizen who resides ... in the precinct in which he offers to register and vote, with an intention to reside there indefinitely.” See, L.S.A.-R.S. 18:101(B).
Any doubt regarding the domicile of a candidate should be resolved in favor of permitting the candidate to run for public office. See, Slocum v. DeWitt, 374 So.2d 755 (La.App. 3d Cir.1979).
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. See, Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). The trial court determined that it was Mortillaro’s intention to be a resident of 4709 Lake Louise Avenue and this was in fact his residence. We see no manifest error.
AFFIRMED.

. The record reflects the 4709 Lake Louise Avenue and the 2301 Severn apartment are within the Fifth Justice of the Peace district.