ARMSTRONG, Judge.
Before GULOTTA, SCHOTT, GARRISON, LOBRANO and ARMSTRONG, JJ.
Pursuant to LSA-R.S. — 18:491[1] plaintiff, J. Carlyle Smith, brought suit against Rudy Lombard challenging Lombard’s qualifications as a candidate for Mayor of the City of New Orleans. After a trial on the merits, the district court held that Lombard did not qualify as a candidate for mayor. Lombard appeals from that decision. We reverse.
Section 4-202 of the New Orleans Home Rule Charter provides as follows:
Qualifications. The Mayor shall be a citizen of the United States by birth, a qual *1078 ified elector of the City, and shall have been a resident of the city for at least five years immediately preceeding his election.
(emphasis added.)
Plaintiff contends that Mr. Lombard is neither a resident of New Orleans nor a qualified elector. We will deal with those issues separately.
The issue of Mr. Lombard’s residency is controlled by our determination in Tomlinson v. Frazier, 407 So.2d 1385 (La.App. 4th Cir.1982). In that case defendant Frazier, a candidate for the Louisiana House of Representatives, moved to New York for professional reasons. However, he continued to maintain a house in New Orleans. Frazier also paid taxes and utility bills in New Orleans, and he visited the City periodically. In that case this court held that the defendant was a resident of New Orleans and, hence, a qualified candidate for state representative.
In Frazier we stated,
It is well settled under Louisiana Law that while a person may have only one domicile he may maintain two or more residences at the same time, (citations ommitted.)
‘ * * * One does not, however, lose his status, as an actual, bona fide, resident of a place, either because he finds it necessary to establish his family elsewhere, or because, in the absence of his family, he does not maintain a domestic establishment at such place. The question is one largely of intention, and the intention of a person, in that respect, is determined by his expressions thereof, at times not suspicious, and his testimony, when called on, considered in connection with his conduct and the circumstances of his life.’
Frazier, supra at 1387, quoting from Staris v. Engler, 202 So.2d 672 (La.App. 4th Cir.1967).
The court in Frazier further stated,
It is a well established principle in our jurisprudence ‘that laws governing the conduct of elections should be liberally interpreted so as to promote rather than defeat candidacy.’ Slocum v. DeWitt, 374 So.2d 755, 758 (La.App. 3rd Cir.1979). Moreover, ‘any doubt should be resolved in favor of permitting a candidate to run for public office. After all, he still has to face the voters who will, and should, exercise the final judgment on his candidacy.’ Id.
Frazier, supra at 1388.
The record in this case clearly establishes that Mr. Lombard intended to and did maintain a residence in New Orleans. Mr. Lombard attended elementary school, high school and college in New Orleans. He is the owner of and lived at 516 Newton Street in New Orleans until February 1985, when he moved to another area of the city. Lombard paid utility bills and obtained homestead exemptions on that house from 1973 to 1984. He was present at the house on Newton Street for several nights each month. In addition, he maintained a wardrobe, library, and record collection at the Newton Street Address. He also maintained bank accounts in New Orleans and paid Louisiana income taxes.
Under these circumstances we conclude that Lombard satisfied the residency requirement of § 4-202. While Lombard may have been a resident of California, that fact would not preclude him from also being a resident of New Orleans.[2]
With regard to the requirement that a mayoral candidate be a qualified elector, plaintiff contends that Lombard does not meet that requirement because he was not a resident of Louisiana and further because he failed to re-register to vote in Louisiana after having voted in California.[3]
*1079 This court has already held that Mr. Lombard was a resident of this state prior to qualifying as a candidate for Mayor of New Orleans. As for plaintiffs contention that Mr. Lombard was required to re-register in Louisiana because he voted in California we find this position to be untenable. He voted in New Orleans in October, 1985. He had no duty to re-register as his Louisiana registration was never cancelled, and was at all times pertinent to this case a qualified and duly registered voter.
This court is of the opinion that plaintiff did not prove that Lombard was not a resident of the City, and neither did he prove that Lombard was not a qualified elector. Accordingly, we find that the plaintiff failed to carry his burden of proof.
For the foregoing reasons the judgment of the trial court is reversed.
REVERSED AND RENDERED.

. LSA-R.S. — 18:491 provides as follows:
Standing to object to candidacy
A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.

. We note that Mr. Lombard’s candidacy might have been precluded if § 4-202 used the word "domiciliary” instead of "resident."

. Plaintiff bases this argument on LSA-R.S. 18:101, which provides in pertinent part:
A. Every citizen of Louisiana who is at least eighteen years of age or will attain that age on or before the next election, is an actual bona fide resident of this state, and the parish, municipality, if any, and precinct in which he offers to register as a voter, is not *1079 disfranchised, and who complies with the provisions of this Chapter shall be eligible to register to vote in local, state and national elections held in this state. A person otherwise qualified to vote who has not attained the age of eighteen years may register to vote at any time commencing sixty days prior to the first election at which he shall have attained the age of eighteen years.
B. For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality (if any), and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. For purposes of voter registration and voting, the residence of a married woman shall be determined in the same manner as is required for any other citizen. A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time ...