PER CURIAM.
In this election dispute, Ms. Theon Wilson sued Judge Frank Shea seeking to disqualify him as a candidate for re-election to the office of Judge, Section “G” of the Criminal District Court for the Parish of Orleans.
Ms. Wilson contends Judge Shea is domiciled in Jefferson Parish, not Orleans Parish and therefore does not meet the qualification requirements of LSA-Const. Art. 5 § 24. The Trial Court ruled in Judge Shea’s favor and dismissed Ms. Wilson’s lawsuit. We affirm the ruling of the lower court.
§ 24. JUDGES; QUALIFICATIONS
Section 24. A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law. LSA-Const. Art. 5 § 24.
In a similar election suit, Grady L. Messer v. Leonard O. London, 438 So.2d 546 (1983), the Louisiana Supreme Court set forth the applicable law.
The general definition of domicile is contained in LSA-C.C. art. 38:
‘The domicile of each citizen is in the parish wherein he has his principal establishment.
‘The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.’
LSA-C.C. art. 41 deals with change of domicile:
‘A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one’s principal establishment there.’
LSA-C.C. arts. 42 and 43 govern ‘proof of intent’ to change domicile and state:
*1106 Article 42: ‘This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove. ‘This declaration is made in writing, is signed by the party making it, and registered by the recorder.’
Article 43: ‘In case this declaration is not made, the proof of this intention shall depend upon circumstances.’
LSA-C.C. art. 44 deals with public officials holding office for a limited term: ‘A citizen accepting a temporary and precarious office, or one from which he may be removed at pleasure, retains his ancient domicile, if he has not evinced a contrary intention.’
Residence and domicile are not synonymous terms. A person can have several residences but only one domicile. Taylor v. State Farm Mutual Auto Ins., Co., 248 La. 246, 178 So.2d 238 (1965). Domicile is a person’s principal domestic establishment,[1] as contrasted to a business establishment. A man and wife are presumed to have the same domicile. Robinson v. Standard Oil Company of Louisiana, 194 La. 904, 195 So. 351 (1940).
A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home. Succession of Rhea, 227 La. 214, 78 So.2d 838 (1955). There is a presumption against change of domicile. In Re Adoption of Rials, 220 La. 484, 56 So.2d 844 (1952).
[[Image here]]
When a person holds public office, the law presumes that his domicile continues in the place where he exercises his public functions. Oakey v. Eastin, 4 La. 69 (1832). Any doubt should be resolved in favor of allowing a candidate to run for public office. Slocum v. DeWitt, 374 So.2d 755 (La.App. 3 Cir.1979). The burden of proof is on the party contesting candidacy.
Trial testimony showed that Judge Shea lived at 6636 Center Street in New Orleans from July 1962 until a fire on September 21, 1987 destroyed the home. Immediately thereafter Judge Shea rented an apartment at 123 Sharon Drive in New Orleans. In January 1989 Judge Shea remarried and now also resides with his wife at her home in Jefferson Parish. A person may have more than one residence.
No one questions whether Judge Shea resided in Orleans Parish before and after the fire or whether he also resides in Jefferson Parish; the only question is whether Judge Shea intended to change his domicile to his wife’s residence in Jefferson Parish.
The law is clear and in this case the only question is a factual inquiry to determine what was Judge Shea’s intent.
Although evidence was introduced to show an intent to change domicile, evidence was also introduced to negate such an intent. In this case, the Trial Court obviously resolved the factual issue of intent in favor of Judge Shea by holding that he was domiciled in the Parish of Orleans for at least two years preceding his qualification as a candidate for re-election. The Supreme Court in Messer, supra, not only approved of the presumption against a change of domicile, but also said “... service in public office and candidacy for reelection strongly negate any intention on a candidate’s part to change his domicile.”
Unless a finding of fact by the Trial Court is manifestly erroneous that finding of fact will not be disturbed on appeal. In this case, Ms. Wilson has not shown that the Trial Court’s finding of facts is manifestly erroneous.
AFFIRMED.

. Zinko v. Zinko, 204 La. 478, 15 So.2d 859 (1943); Hyman v. Schlenker, 44 La.Ann. 108, 10 So. 623 (1892).