ItPER CURIAM.
For the following reasons, we affirm the trial court’s August 8, 1994 judgment disqualifying Andrea M. Thomas as a candidate for the Jefferson Parish School Board, District 5.
The requirements for qualifying for this position are specified in LSA-R.S. 17:52 E(l), as follows:
“Any person who at the time of qualification as a candidate for the school board has attained the age of eighteen, resided in the state for the preceding two years, and has been actually domiciled for the preceding year in the parish, ward, or district from which he seeks election for membership on the school board.”
Prior to the hearing in the 24th Judicial District Court, the parties stipulated that Ms. Thomas met the one-year domiciliary requirement; however, the two-year residence requirement was challenged.
In her assigned “Reasons for Judgment,” the trial judge stated:
“The issue before the Court is whether Ms. Thomas has resided in Louisiana for the two years preceding the time of qualifying as a candidate for the Jefferson Parish School Board Member, District 5, in accordance with La.R.S. 17:52. Qualifying began on July 27,1994, therefore, the relevant date in this case is July 27, 1992.
“From the evidence presented and based upon a reasonable evaluation of the witness’ credibility, the Court concludes that the residency requirement of La.R.S. 17:52 has not been met for the following reasons:
“The facts of this case show that in January, 1992, Ms. Thomas accepted employment in Tampa, Florida. Subsequently, she rented an apartment, opened a bank account, established credit, obtained Ra Florida driver’s license, registered to vote in Florida and actually voted in November, 1992.
“The evidence further established that in 1992 Ms. Thomas did not own property in Louisiana, was not employed in Louisiana, did not pay taxes in Louisiana, and did not maintain a bank account in Louisiana. The only contact with Louisiana during 1992 was Ms. Thomas’ monthly visits with her family. The Court finds that no residence existed in Louisiana.
“Further, upon Ms. Thomas’ return to Louisiana in 1993, in registering to vote on September 3,1993, she listed her last place of residence at 15420 Livingston Ave., Tampa, Florida, and did not make any indication on the form of a Louisiana residence or dual residences.
“Ms. Thomas attempted to show her intentions to return to Louisiana by introducing into evidence a form listing two Louisiana universities as her choice for graduate studies, however, three of the five universities listed on the form were Florida universities. The two first listed were the University of South Florida and the University of Tampa.
“For the reasons assigned, the Court finds for the plaintiffs, Morris Bates and Jack Brazile, and against the defendants, Andrea M. Thomas and Jon Gegenheimer, decreeing that the defendant, Andrea Thomas, does not meet the qualifications for the position of Jefferson Parish School Board Member, District 5, thereby disqualifying her as a candidate for said position.”
In Salas v. Mortillaro, 436 So.2d 773 (La.App. 5 Cir.1983), writs denied at 437 So.2d 286 (La.1983), this Court said:
*724 l3“When there is evidence before the trier of fact which, upon its reasonable valuation of credibility, furnishes a reasonable factual basis for the trial court’s findings, on review the appellate court should not disturb this factual finding in the absence of manifest error.”
Here, we see no manifest error. The testimony and evidence fully support the appealed-from judgment of disqualification. Ms. Thomas said that she had lost, discarded or misplaced 1992 documents which might have substantiated her contention that she was only temporarily in Florida.
Appellant cites and relies on Tomlinson v. Frazier, 407 So.2d 1385 (La.App. 4 Cir.1982), writs denied at 410 So.2d 764 (La.1982), wherein a candidate for state representative, Lee Frazier, was found eligible although having gone to New York to work for two and a half years. Frazier, the court found, had established two residences, as permitted by law, but that he had not abandoned his Louisiana legal domicile. He periodically returned to New Orleans where he maintained real property and paid monthly mortgage notes, taxes, utility bills and insurance premiums. Further, the trial judge found that it was Frazier’s intent to return to Louisiana within a definite period of time after completing an employment contract. Frazier continued to contribute to his New Orleans church while in New York.
Ms. Thomas did none of the things Frazier did. She said she returned to Louisiana monthly to visit her mother. Frazier, apparently, registered to vote in New York because it was a requirement of his job while Ms. Thomas voted in Florida in November, 1992 because, she said, she did not know she could vote absentee.
In any event, the trial judge made findings of fact in Frazier’s favor which the Fourth Circuit affirmed despite two serious dissents. The instant findings of fact were adverse Uto Ms. Thomas’ contentions. We are prohibited from substituting our findings and/or credibility calls for those of a trial judge when the record shows no manifest, error.