I JOAN BERNARD ARMSTRONG, Chief Judge.
This is an appeal by New Orleans Police Department (NOPD) Officer Michelle Le-tulle from a decision of the Civil Service Commission of the City of New Orleans (Commission) affirming the termination of her employment for violation of the City’s Domicile Ordinance.
STATEMENT OF THE CASE
The Commission found that Officer Le-tulle was an NOPD Police Officer I with permanent status, first hired by the City on May 18, 1997, and appointed as Police Officer I effective April 12, 1998. At her termination hearing, it was established that Officer Letulle was reared at her mother’s house located in Harvey, Louisiana, in Jefferson Parish. When she was hired by NOPD, Officer Letulle claimed on a City declaration of domicile form that she was domiciled at 318 Belleville Street in Orleans Parish. On the form, she initialed that she usually slept there; kept most of her clothing, household appliances and other personal property there; received most of her non-City mail addressed to her there; and might enter the premises without notice or permission *614 from others. She did not initial that she was registered to vote in Orleans Parish; had a telephone in her or |gher spouse’s name that is not on call-forward to another residence; or that a spouse and minor children, if any, reside with her at the Orleans address. When asked on the form if she had other residences or mailing addresses other than 318 Belleville Street, she replied in the negative.
On June 7, 1997, she executed a declaration of domicile claiming domicile at 3201 Rue Parc Fontaine # 2507. She initialed all the supporting facts with the exception of voter registration in Orleans Parish and again denied having other residences or mailing addresses. Officer Letulle provided Entergy utility bills addressed to her at that address for November and December 1997, January, February, March, April and May 1998, and a final bill through June 1998.
On June 29, 1998, she executed a declaration of domicile claiming domicile at 4738-D Cleveland Avenue, with the same supporting facts. Officer Letulle provided Entergy utility bills addressed to her at that address for July, August, September and October 1998, and a final bill through November 1998.
On December 1, 1998, she executed a declaration of domicile claiming domicile at 603 Bartholomew Street. On that form, she did not claim voter registration in Orleans Parish and did not claim to receive most of her non-city mail addressed to her here. She listed P.O. Box 3020, New Orleans, LA 70177 as an additional mailing address. Officer Letulle offered Entergy utility bills addressed to David Harold Dotson at 603 Bartholomew Street for electricity only for March 1999.
On August 15,1999, after Officer Letulle had spent a period of recuperation from an equestrian accident at the Harvey house, NOPD asked her to execute a fourth declaration of domicile form, and she did so, certifying her domicile to be 320 Belleville. Of the seven factual bases for domicile listed on that form, she |3claimed only that she usually slept there and might enter the premises without notice or permission from others. She listed P.O. Box 13153, New Orleans, LA 70185-3153 as an additional mailing address. She testified that she returned to the Belleville house, a cousin’s home, in 1999 to take care of her cousin’s child after the death of her cousin’s wife.
Officer Letulle submitted Entergy utility bills addressed to her at 121 Cypress Grove Court in New Orleans from August, September and October 2001 and Sewerage and Water Board utility bills for September, October, November and December 2001.
The testimony is uncontroverted that prior to June 2001, Officer Letulle did not change her voter registration from her mother’s address in Harvey, and voted in March and November 2000 in Jefferson Parish. As recently as June 30, 2000, when Officer Letulle obtained a new driver’s license, she gave the Harvey address as her own. Had she changed her domicile to Orleans Parish by then, her declaration on the license would have violated state law. Officer Letulle testified that she owns two vehicles, a 2000 Honda Rebel and a 1996 Toyota Camry, both of which are registered to her at the Harvey address.
NOPD Sergeant Kenneth Harris, Commander of the Downtown Development District in 2000, testified that he discussed with Officer Letulle her problem reporting late for duty. She explained that she had suffered power outages at her home in Harvey. She told Sergeant Harris that she had been given special permission by NOPD to live outside Orleans Parish. The *615 parties stipulated that there was no written evidence of this permission.
The hearing examiner and Commission concluded that although Officer Letulle changed her residence several times, she did not take the steps necessary to | ¿evidence a change of domicile. Officer Letulle failed to offer proof of intent to change her domicile, in the face of evidence that she did not change her Jefferson Parish voter registration, the Jefferson Parish address on her old or new driver’s licenses, or the Jefferson Parish address shown on the registrations of her two vehicles.
Officer Letulle contends that her termination was unreasonable and not for legal cause. NOPD waived the domicile requirement when it hired her, knowing that she was domiciled in Jefferson Parish. At the time of her hiring by NOPD, Officer Letulle claims she established her domicile in Orleans Parish. She also claims that NOPD failed to notify her that her voter registration exemption was withdrawn. Upon being notified of NOPD’s intention to terminate her, she immediately established voter registration in Orleans Parish. For these reasons, she alleges that the Commission’s decision affirming the NOPD’s action is arbitrary, capricious and manifestly erroneous.
For reasons that follow, we affirm the Commission’s decision.
ANALYSIS
An employee like Officer Letulle who has gained permanent status in the classified city civil service cannot be subjected to employer disciplinary action except for cause expressed in writing. LSA-Const. Art. X § 8(A); Walters v. Dept. of Police of City of New Orleans, 454 So.2d 106 (La.1984). Such action may be and, in this case, was appealed to the Commission, where the burden of proof as to the factual basis for the discipline was on the NOPD, the appointing authority. Goins v. Dept. of Police, 570 So.2d 93 (La.App. 4 Cir. 1990). NOPD also had the burden of proving legal cause, which exists if Officer Letulle’s conduct impaired |sthe efficiency of the NOPD. Cittadino v. Dept. of Police, 558 So.2d 1311 (La.App. 4th Cir.1990). These facts must be clearly established, but need not be proven beyond a reasonable doubt. Id.
It is uncontroverted that the proscriptions of the City’s Domicile Ordinance, New Orleans Code, Article X, §§ 2-971, et seq. are in effect and apply to NOPD employees in Officer Letulle’s position. That ordinance provides that where a covered employee such as Officer Letulle has multiple residences, the residence considered her actual domicile is the one that meets the following criteria more than any other residence:
1. She usually sleeps there.
2. She keeps most clothing, toiletries, household appliances and similar personal property of daily utility there.
3. She is registered to vote there.
4. She or her spouse has a telephone there in her name that is not usually on call-forward to another residence.
5. She directly receives and opens most non-City mail addressed to her there.
6. She is free to enter the premises without notice to or permission from others.
The ordinance provides for a presumption that for purposes of Article X, voters registered in another parish or county do not have their actual domicile in Orleans Parish. The burden is on Officer Letulle to rebut that presumption.
In none of Officer Letulle’s declaration of domicile forms does she state that she has multiple residences. Each form lists a *616 single address, although the last two Ififorms also list a post-office mailing address. Significantly, at the time of the NOPD investigation into Officer Letulle’s domicile, the operative declaration indicated residence at her cousin’s home on Belle-ville Street, and indicated that only two of the six conditions set out in the ordinance were satisfied, and, significantly, the presumption of Jefferson Parish domicile created by her voter registration in that parish was not rebutted.
Although Officer Letulle argued that NOPD granted her an exemption of the voter registration requirement at the time she was hired, she offered no objective evidence and stipulated there was no written evidence of the exemption.
A reviewing court should not reverse a Commission conclusion unless it is shown to be arbitrary and capricious, meaning that there is no rational basis for the action taken. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641. We are to apply the manifest error to the Commission’s factual findings.Walters, supra, 454 So.2d at 113.
We find that the facts clearly support the reasonableness of the Commission’s finding that Officer Letulle’s domicile of origin in Harvey remained her domicile, and that she failed to establish an Orleans Parish domicile for purposes of the Domicile Ordinance.
The cases cited by Officer Letulle do not require us to reverse the Commission’s decision. In Wilson v. Shea, 565 So.2d 1105 (La.App. 4th Cir.1990), we considered the effect of dual residences on domicile. There, Judge Shea lived in Orleans Parish until his home was destroyed by fire. After the fire, he rented an apartment, remarried and established a second residence at his wife’s home in Jefferson Parish. The plaintiff failed to prove that Judge Shea had demonstrated an intention to change his domicile from his Orleans Parish |7apartment to the Jefferson Parish house. Significantly, this Court noted the presumption against a change of domicile, referring to Messer v. London, 438 So.2d 546 (La.1983). In the instant case, there is insufficient proof that Officer Letulle evidenced an intention to change her original domicile to any of the consecutive, temporary residences she listed on her declarations of domicile.
In re Kennedy, 357 So.2d 905 (La.App. 2nd Cir.1978) was an adoption case where the dispositive issue was whether the plaintiff established that the child’s father was a non-resident of Louisiana, in which case his consent to the adoption would not be required. The father was born and grew up in Louisiana, where his parents continue to reside. When the father and mother were divorced, they were living in Louisiana and he remained there until his work began taking him out of state. He lived in various places in Texas for several years, up to the time of trial, returning to Louisiana several times each month between jobs in Texas. He paid utility bills and maintained a bank account in Louisiana, whose checks disclose a Louisiana business address. At the time of trial, he had recently replaced his Louisiana driver’s license with a Texas license. This did not of itself preclude a finding of Louisiana domicile. The court referred to LSA-C.C. art. 38, which defines domicile as the parish wherein a person has his principal establishment; that is, where he makes his habitual residence. If he resides alternately in several places, and nearly as much in one as in another, and has not declared his intention in the prescribed manner[1], any one of the residences may *617 be considered his principal establishment, at the option of the persons whose interests are thereby affected. A change of domicile from one parish to another is produced by the act|sof residing in another parish, combined with the intention of making one’s principal establishment there. LSA-C.C. art. 41. The court noted that a person maintains his domicile of origin until he acquires another domicile, citing, inter alia, Baham v. Sutherland, 197 So.2d 345 (La.App. 4th Cir.1967). The court noted that the expressed intent of the party may be at variance with the intent as evidenced by conduct, that each case is unique and that the courts attempt to arrive at the true intent whether express or implied. The court reviewed cases in which courts have disregarded expressed intent, such as that evidenced by Officer Letulle when she executed her declaration of domicile, when unaccompanied by conduct consistent with that expressed intent. An exemplary case is Caldas v. Caldas, 224 So.2d 831 (La.App. 4th Cir.1969), where a husband no longer retained assets in Louisiana, had taken a six months’ lease on an apartment in foreign country, had indicated a city in that country as his place of residence on his passport prior to departure from United States, and had no intention of returning to Louisiana. There, this Court found he had effectively changed his domicile.
In the Kennedy case, the father lived outside of Louisiana most of the time since 1973, yet he was held to have maintained such a relation with the place or premises so selected as would entitle him at his will, and without making new arrangements upon each return, to occupy that place whenever his necessities or pleasure require, and this without having to ask the permission of someone else. That is precisely the situation in which the evidence in the instance case places Officer Letulle.
In light of the lack of evidence to rebut the presumption against Officer Letulle’s having changed her domicile from her domicile of origin in Harvey, or to rebut the presumption contained in the City’s Domicile Ordinance that voter ^registration determines domicile, we find the Commission’s conclusion that Officer Letulle violated the Domicile Ordinance is reasonable and not manifestly erroneous, clearly wrong, arbitrary or capricious.
There is no suggestion that this violation did not impair the efficiency of the NOPD. Officer Letulle does claim that her termination was not commensurate with the conduct in question, citing Walters v. Department of Police, supra. Officer Walters appealed a Commission decision that found he used poor judgment in what it believed was an avoidable accident that occurred during a carnival parade. The Supreme Court found manifest error in several respects, and found the officer’s actions to have been consistent with NOPD policy that he carry his weapon at all times and apprehend lawbreakers even when not on duty, and with the expectation that he would break up street altercations, engage in crowd control and wear his revolver in parade crowds. The court concluded that the facts did not support a finding that the officer’s actions constituted the offense of negligent injuring. The opinion contains in its “Legal Precepts” section the comment that where good or lawful cause for taking disciplinary action is found, the Commission has a duty to find whether the punishment imposed is commensurate with the dereliction. However, appropriateness of punishment ultimately was not at issue since the Supreme *618 Court found there was no cause for Officer Walters’ dismissal.
In the instant case, the ordinance itself sets forth the penalty for violation. Quite simply, domicile in Orleans Parish is a condition precedent for a person to be hired or to continue to serve[2] as an NOPD officer. The legislature has determined that the remedy for violation of the ordinance is removal from the service. We find |i0no evidence that the NOPD has discretion to depart from that legislative determination.
For the foregoing reasons, we affirm the decision of the Commission terminating Officer Letulle’s employment by the New Orleans Police Department.
AFFIRMED.

. LSA-C.C. art. 42 provides that manner is by an express declaration of domicile before the *617 recorders of the parishes from which and to which the person intends to remove. The declaration is made in writing, signed and registered by the recorder.

. Continued service is allowed under the ordinance under circumstances that are not relevant to the instant case.