Dear Representative Anders:
You have requested an opinion of the Attorney General regarding the qualification requirements of a candidate for a member of the Tensas Parish Police Jury and whether or not a member of the police juror may work for the sheriff's office.
According to your request, you were contacted by a constituent who moved from one district in Tensas Parish to another district within Tensas Parish approximately three months ago. He would like to know if he is eligible to qualify in the upcoming fall election as a candidate for police juror in his new district.
A candidate for police juror, at the time he files his notice of candidacy, must be an elector who: (1) is at least 18 years of age; (2) has resided in Louisiana for the preceding two years; and (3) has been actually domiciled for the preceding year in the district he wants to represent.[1]
Article 38 of the Louisiana Civil Code defines the domicile of a natural person as "the place of his habitual residence." The terms "residence" and "domicile" are not synonymous.[2] A natural person may reside in several places but may not have more than one domicile.[3]
Domicile is a person's principal domestic establishment, as contrasted to a business establishment. Domicile is maintained until acquisition of a new domicile.[4] A change in domicile occurs when there is a change in actual residence accompanied by an intention to make a new principal establishment or home.[5] There is a presumption *Page 2 
against a change in domicile.[6] Proof of a person's intent to establish or change domicile depends on the circumstances.[7] The phrase "actually domiciled" requires that the person seeking to hold legislative office must have a real rather than fictitious domicile in the area represented.[8]
Domicile is an issue of fact that must be determined on a case-by-case basis.[9] Domicile consists of two elements, residence and intent to remain.[10] If the official has more than one residence, intention is the determinative factor in ascertaining the location of his domicile.[11] In establishing domicile, intent is based on the actual state of facts and not what one declares them to be.[12] Various indicia have been set forth to prove, by a totality of the circumstances, whether an individual has established a domicile. Among these are where a person sleeps, takes his meals, has established his household, and surrounds himself with family and the comforts of domestic life.[13] In addition, courts have looked at where the person is registered to vote, where his motor vehicles are registered, where he maintains bank accounts and receives mail, where he transacts business affairs, and where he leases or owns property.[14] Finally, courts have given great weight to a person's intent when ascertaining the location of his domicile.[15]
Therefore, the issue of a local official's domicile is an issue of fact that must be determined on a case-by-case basis by looking at the totality of the circumstances.[16] Our office cannot opine as to a local official's domicile. To make such factual determinations would contravene our Office's long-standing policy not to render opinions on issues of fact.[17]
However, we do not have to determine if this constituent is "actually domiciled" within the new district in order to answer your first question. A candidate for police juror must have been "actually domiciled" for the preceding year in the district he wants to represent. Based on the facts you provided, this constituent only moved to the new district in any fashion approximately three months ago. Since the qualifications require a candidate to be "actually domiciled" within the district for the preceding year, it is the opinion of this office that this constituent who has only resided in his new district for *Page 3 
three months, fails to meet the qualifications prescribed by law to run for office in his new district.
You have also asked if an elected member of the parish police jury may be employed by the parish sheriff's office during his tenure in office on the police jury. La.R.S. 42:63(D) specifically prohibits this arrangement and provides as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added.)
Thus, under the clear language of La.R.S. 42:630(D), an elected member of the governing authority, (i.e., police jury), may not hold any employment with the sheriff's office whether full or part time.See also
La. Atty. Gen. Op. Nos. 02-0222, 02-0054 and 99-164, which reach the same conclusion.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 by:_______________ Erin C. Day Assistant Attorney General
 JDC: ECD
[1] La.Const. Art. Ill, Sec. 4(1); La.R.S. 33:1225.
[2] Wilson v. Butler,513 So.2d 304 (La.App. 1 Cir. 1987).
[3] La.C.C. art. 39.
[4] La.C.C. art. 44.
[5] Succession of Rhea,227 La. 214, 78 So.2d 838 (1955).
[6] Messer v. London, 438 So.2d 546 (La. 1983).
[7] La.C.C. art. 45.
[8] Becker v. Dean, 854 So.2d 864, 2003-2493 (La. 9/18/03),Darnell v. Alcorn, App. 4 Cir. 1999, 757 So.2d 716, 1999-2405 (La.App. 4 Cir. 9/24/99), writdenied 747 So.2d 1130, 1999-2795 (La. 9/28/99).
[9] Landiak v. Richmond, 2005-0758 (La. 3/24/05),899 So.2d 535, citing, Darnell v. Alcorn, 99-2405 (La.App. 4 Cir. 9/24/99), 757 So.2d 716.
[10] McClendon v. Bel, 2000-2011 (La.App. 1 Cir 9/7/00),797 So.2d 700, 704.
[11] Id.
[12] Successions of Rhea, supra.
[13] Sheets v. Sheets,612 So.2d 842, 844 (La.App. 1 Cir. 1992).
[14] Autin v. Terrebonne,612 So.2d 107 (La.App. 1 Cir. 1992).
[15] Wilson v. Shea,565 So.2d 1105 (La.App. 4 Cir. 1990); Autin v. Terrebonne,supra.
[16] Landiak v. Richmond, 2005-0758 (La. 3/24/05),899 So.2d 535, citing, Darnell v. Alcorn, 99-2405 (La.App. 4 Cir. 9/24/99), 757 So.2d 716. See also
La. Atty. Gen. Op. No. 09-0065.
[17] La. Atty. Gen. Op. No. 445 (1918-19).